UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY YOUNG,<br><br>    Petitioner,<br><br>  v.<br><br>JERRY BROWN,<br><br>    Respondents. | Case No.: 1:15-cv-01339-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE TO CASE |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The instant petition was filed on July 10, 2015. (Doc. 1).

**DISCUSSION**

A. Preliminary Review of Petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

B. <u>Exhaustion</u>

A petitioner who is in state custody and wishes to challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. <u>Duncan</u>, 513 U.S. at 365 (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir. 1998).

Assuming, without deciding, that Petitioner, as a pre-trial detainee, may bring a habeas action under § 2241 rather than § 2254, the exhaustion requirement is not merely applicable to state prisoners challenging a state criminal conviction and sentence under § 2254; rather, the rule applies equally to pre-conviction state detainees proceeding under § 2241(c)(3). <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484 (1973)(holding that a petitioner seeking pre-conviction habeas relief must exhaust his claims in state court (1) to permit state courts to fully consider federal constitutional claims, and (2) to prevent federal interference with state adjudications, especially criminal trials); <u>Carden v. Montana</u>, 626 F.2d 82 (9th Cir. 1980)(citing <u>Braden</u> in refusing to find "extraordinary circumstances" justifying interference by federal court in pre-conviction state criminal proceedings raising only a speedy trial issue); <u>Brown v. Ahern</u>, 676 F.3d 899 (9th Cir. 2012)(reaffirming applicability of <u>Carden</u> rule).

Here, Petitioner alleges he is in the custody of the Coalinga State Hospital, Coalinga, California, pending resolution of civil proceedings to detain Petitioner as a sexually violent predator under California's Sexually Violent Predatory law. (Doc. 1, p. 2). Petitioner alleges that the petition filed by the Alameda County prosecutor to designate Petitioner as an SVP is ongoing and that he has filed "pre-trial motions" in those proceedings. In this petition, Petitioner argues that the SVP law is unconstitutional and that it violates Double Jeopardy by trying Petitioner again for acts for which he has already been tried and convicted.

As mentioned, however, whether a petitioner is challenging a prior conviction and the resulting prison sentence under § 2254, or is challenging circumstances related to his pre-conviction detention pursuant to § 2241(c)(3), in order to proceed in this Court he must first have exhausted all of his claims by presenting them to the California Supreme Court.

Here, Petitioner does not allege or establish that he has presented his constitutional claims to the California Supreme Court, either by direct appeal of his SVP status or by habeas corpus petition. From the foregoing, the Court concludes that Petitioner has not presented any of his claims to the California Supreme Court as required by the exhaustion doctrine. Because Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). The Court cannot consider a petition that is entirely unexhausted. Rose v. Lundy, 455 U.S. at 521-22; Calderon, 107 F.3d at 760.

C.  Younger Abstention.

Moreover, even if the foregoing were not true, the Court would not proceed with this petition because Petitioner has not been convicted in state court and his claims of constitutional violations, such as they are, would be subject to abstention by the federal court.

A federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37,

3

43-45 (1971); Samuels v. Mackell, 401 U.S. 66, 68- 69 (1971).[1]  Younger and its progeny are based on the interests of comity and federalism that counsel federal courts to maintain respect for state functions and not unduly interfere with the state's good faith efforts to enforce its own laws in its own courts. Middlesex County Ethics Committee v. Garden State Bar Assoc., 457 U.S. 423, 431 (1982); Dubinka v. Judges of Superior Court of State of California, Los Angeles, 23 F.3d 218, 223 (9th Cir. 1994); Lebbos v. Judges of Superior Court, Santa Clara, 883 F.2d 810, 813 (9th Cir.1989). The Younger doctrine stems from this longstanding public policy against federal court interference with state court proceedings. Younger, 401 U.S. at 43.  Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment. Younger, 401 U.S. at 46, 53-54 (holding that the cost, anxiety and inconvenience of criminal defense are not the kind of special circumstances or irreparable harm that justify federal court intervention); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 225-26 (9th Cir. 1994).  Nor is federal injunctive relief to be used to test the validity of an arrest or the admissibility of evidence in a state criminal proceeding. Perez v. Ledesma, 401 U.S. 82, 83-85 (1971).

The Ninth Circuit follows a three-prong test espoused by the Supreme Court to determine whether abstention under the Younger doctrine is appropriate. Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Delta Dental Plan of California, Inc. v. Mendoza, 139 F.3d 1289, 1294 (9t Cir.1998); Dubinka, 23 F.3d at 223.

If these three requirements are met, the Court must also consider whether any of the narrow exceptions to the Younger abstention doctrine apply.   The Court need not abstain if the state court proceedings were undertaken for bad faith or for purposes of harassment or the statute at issue is "flagrantly and patently violative of express constitutional prohibitions." Dubinka, 23 F.3d at 223,

---

[1] Although Petitioner does not expressly ask for injunctive relief in his petition, in the portion of the form petition where a petitioner should describe his claims, Petitioner directs the Court to his state petition, which requests only that the state court "get involved" in the case and intervene in what Petitioner's describes as a discriminatory prosecution.  The only conclusion the Court can draw from such language is that Petitioner is seeking injunctive relief of the type proscribed by Younger.

225; Lebbos, 883 F.2d at 816. The extraordinary circumstances exception recognizes that a federal court need not abstain when faced with a statute that is flagrantly unconstitutional in every clause. Dubinka, 23 F.3d at 225.

The first requirement is satisfied here because the state proceedings have not concluded. The second requirement is satisfied because an important state interest, that of not having the federal courts interfere in ongoing state judicial proceedings, is at issue. See Dubinka, 23 F.3d at 223. Finally, the third requirement is met because Petitioner can address his federal constitutional claims related to the allegedly illegal conduct of the prosecutors in the state court criminal proceedings.

Petitioner argues that Younger should not apply because he will suffer "irreparable injury" because the "right not to be tried" under the Double Jeopardy Clause would be forfeited by delaying review until after trial. (Doc. 1, p. 66). Nevertheless, the cost, anxiety, and inconvenience of criminal defense are not the kind of special circumstances or irreparable harm that justify federal court intervention. Younger, 401 U.S. at 46, 53-54. Where a district court finds Younger abstention appropriate as to a request for declaratory or injunctive relief, the court may not retain jurisdiction, but must dismiss. Judice v. Vail, 430 U.S. 327, 348 (1977); Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988). The rationale of Younger applies throughout appellate proceedings, requiring that state appellate review of a conviction be exhausted before federal court intervention is permitted. Huffman v. Pursue, Ltd., 420 U.S. 592, 607-11 (1975); Dubinka, 23 F.3d at 223 (stating that even if the trial is complete at the time of the abstention decision, state court proceedings are still considered pending).

Here, it now seems apparent that Plaintiff is seeking to have the Court intervene in an ongoing state civil prosecution that closely resembles a criminal prosecution. In doing so, Petitioner seeks to make an "end run" around the exhaustion requirement. This is precisely the type of circumstance to which the Younger doctrine was intended to apply. Petitioner has not established that any exception to Younger abstention is applicable in this case, i.e., that the state court proceedings were undertaken for bad faith or for purposes of harassment. Dubinka, 23 F.3d at 223, 225; Lebbos, 883 F.2d at 816. In sum, state civil proceedings are currently pending, and Petitioner can raise his constitutional concerns within the context of those state court proceedings.

1  The Court notes that an additional basis for abstention under Railroad Comm'n of Texas v. Pullman Co., 312 U.S. 496 (1941)("the Pullman doctrine"), appears applicable as well under the facts as pleaded by Petitioner.  Pullman abstention is appropriate "in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." Colorado River Water Conservation Dist. V. United States, 424 U.S. 800, 814 (1976)(citing Pullman).  Clearly, Petitioner's complaints about the constitutionality of the SVP law and of violating his Double Jeopardy rights can, potentially, be cured before or during trial, or, again, on direct appeal to the state appellate courts.  Under those circumstances, any relief that this Court could afford would indeed be "mooted" by the state court determination.  In short, this is neither the time nor the place for federal intervention into the state judicial proceedings.

**ORDER**

For the foregoing reasons, the Court DIRECTS the Clerk of the Court to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be **DISMISSED** for lack of exhaustion and for Younger abstention.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 21 days** after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed **within 10 days** (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///

///

Case 1:15-cv-01339-AWI-JLT   Document 13   Filed 09/09/15   Page 7 of 7

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **September 9, 2021**                    **/s/ Jennifer L. Thurston**
                                                                     UNITED STATES MAGISTRATE JUDGE